IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CALVIN PAUL STEWART,<br><br>    Plaintiff,<br><br>v.<br><br>UTAH DEP'T OF CORRS.,<br><br>    Defendant. | **MEMORANDUM DECISION & ORDER DENYING MOTION TO DISMISS & REQUIRING *MARTINEZ* REPORT & SUMMARY-JUDGMENT MOTION**<br><br>Case No. 2:18-CV-174-CW<br><br>District Judge Clark Waddoups |

  Plaintiff, Calvin Paul Stewart, filed an amended *pro se* civil complaint, bringing a claim against Utah Department of Corrections (UDOC) under Title II of the Americans with Disabilities Act (ADA). *See* 42 U.S.C.S. § 12132 (2021) ("Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by an such entity."). Specifically, he alleges that he suffers from a condition that causes balance issues and falling; meanwhile, Defendant has not provided "grab bars" to prevent his many falling injuries in prison. (ECF No. 14.)

  Defendant moves for dismissal for failure to state a claim upon which relief may be granted. (ECF No. 18.) Defendant urges the Court to dismiss Plaintiff's Amended Complaint because his argument that state immunity is abrogated is not well taken and he has failed to state a claim upon which relief may be granted. (*Id*.) Based on Amended Complaint alone, (ECF No. 14), Defendant contends that this Court is positioned to make an easy decision based on the relevant analysis set forth in *United States v. Georgia*, 546 U.S. 151 (2006): "In *Georgia*, the

Supreme Court held that Title II of the ADA may be a valid abrogation of Eleventh Amendment sovereign immunity for claims seeking monetary damages only when the allegations involve claims for monetary damages that are 'based, at least in large part, on conduct that independently violated [Constitutional Amendments.]" (ECF No. 18, at 4-5 (quoting *Georgia*, 546 U.S. at 157).) However, Defendant leaves out part three of the *Georgia* test, set forth in its entirety here:

> [Trial] courts will be best situated to determine in the first instance, on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) *insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.*

*Georgia*, 546 U.S. at 159 (emphasis added). Also, the language that trial courts are best suited, "to determine in the first instance, on a claim-by-claim basis," *id*., is indicative of the likely need for factual findings in these inquiries. The Court therefore denies Defendant's Motion to Dismiss. (ECF No. 18.) Defendant must move to the next stage of litigation.

The Court now orders Defendant to file a *Martinez* report[1] and dispositive motion as follows:

---

[1]*See Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

 (i) file an answer;

 (ii) within 90 days, prepare and file a *Martinez* report limited to the exhaustion issue; and,

 (iii) within 90 days, file a separate summary-judgment motion, with a supporting memorandum.

(B) If Defendants choose not to rely on the defense of failure to exhaust and wishes to pierce the Complaint's allegations, Defendants must,

 (i) file an answer;

 (ii) within 90 days, prepare and file a *Martinez* report addressing the substance of the complaint; and,

 (iii) within 90 days, file a separate summary judgment motion, with a supporting memorandum.

(C) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 60 days.

Plaintiff is notified that Plaintiff must, within 30 days of its filing, respond to the summary-judgment motion. Plaintiff is finally notified that, when Defendants move for summary judgment, Plaintiff may not rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff

---

*Id.* at 1007.

must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendant's Motion to Dismiss is **DENIED**. (Doc. No. 18.)

(2) Defendant must within 20 days file an answer and within 90 days file a *Martinez* report and summary-judgment motion.

(3) When served with a summary-judgment motion, Plaintiff must submit a response within 30 days of the motion's filing date. For Plaintiff's information and convenience, the Court has attached the procedural rules governing summary-judgment practice.

(4) **NO TIME EXTENSIONS WILL BE GRANTED**.

DATED this 7th day of May, 2021.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court

# Fed Rule of Civil Procedure 56

## Rule 56. Summary Judgment

- **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
- **(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
- **(c) Procedures.**
  - **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    - **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
    - **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
  - **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
  - **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
  - **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
- **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
  - **(1)** defer considering the motion or deny it;
  - **(2)** allow time to obtain affidavits or declarations or to take discovery; or
  - **(3)** issue any other appropriate order.
- **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
  - **(1)** give an opportunity to properly support or address the fact;
  - **(2)** consider the fact undisputed for purposes of the motion;
  - **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
  - **(4)** issue any other appropriate order.
- **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
  - **(1)** grant summary judgment for a nonmovant;
  - **(2)** grant the motion on grounds not raised by a party; or
  - **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
- **(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.
- **(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH LOCAL RULE DUCivR 56-1 SUMMARY JUDGMENT: MOTIONS AND SUPPORTING MEMORANDA

**(a) Summary Judgment Motions and Memoranda**. A motion for summary judgment and the supporting memorandum must clearly identify itself in the case caption and introduction.

**(b) Motion Requirements and Supporting Evidence**. A motion for summary judgment must include the following sections and be supported by an Appendix of Evidence as follows:

(1) Introduction and Relief Sought. A concise statement of each claim or defense for which summary judgment is sought, along with a clear statement of the relief requested. The parties should endeavor to address all summary judgment issues in a single motion. If a party files more than one motion, the court may strike the motion and require that the motions be consolidated into a single motion.

(2) Background (Optional). Parties may opt to include this section to provide background and context for the case, dispute, and motion. If included, this section should be placed between the Relief Sought section and the Statement of Undisputed Material Facts section. Factual summaries in the background section need not be limited to undisputed facts and need not cite to evidentiary support.

(3) Statement of Undisputed Material Facts. A concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law. Only those facts necessary to decide the motion should be included in this section. The moving party must cite with particularity the evidence in the Appendix of Evidence that supports each factual assertion.

(4) Argument. An explanation for each claim or defense, of why, under the applicable legal principles, the moving party is entitled to judgment as a matter of law. The arguments should include a statement of each claim or defense on which the party is seeking summary judgment and supporting authorities. Any factual citations must cite to the Appendix of Evidence, not the Statement of Undisputed Material Facts.

(5) Appendix of Evidence. All evidence offered in support of the motion must be submitted in an attached appendix. The appendix should be preceded by a captioned cover-page index that lists each exhibit by number, includes a description or title, and if the exhibit is a document, identifies the source of the document. The appendix should include complete copies of all exhibits, including complete copies of depositions, to the extent possible. In cases where lengthy depositions are relied upon, the moving party need not submit the entire deposition. However, the moving party must submit at least 4 pages before and 4 pages after the cited deposition transcript page(s), for a total of at least 9 pages.

**(c) Opposition Memorandum Requirements and Supporting Evidence**. A memorandum in opposition to a motion for summary judgment must include the following sections and, if applicable, be supported by an Appendix of Evidence as follows:

(1) Introduction. A concise summary explaining why summary judgment should be denied.

(2) Background (Optional). Parties may opt to include this section to provide background and context for the case, dispute, and motion. If included, this section should be placed between the Introduction section and the Response to Statement of Undisputed Material Facts section. Factual summaries in the background section need not be limited to undisputed facts and need not cite to evidentiary support.

(3) Response to Statement of Undisputed Material Facts. A restatement of each fact the opposing party contends is genuinely disputed or immaterial, a concise statement explaining why the fact is disputed or immaterial, and a citation with particularity to the evidence upon which the non-moving party relies to refute that fact.8 Any factual citations must reference the appropriate party's Appendix of Evidence, rather than either party's factual statements or responses. The non-moving party should not

restate all the moving party's statement of facts and should only respond to those facts for which there is a genuine dispute of material fact.

(4) <u>Statement of Additional Material Facts (if applicable)</u>. If additional material facts are relevant to show that there is a genuine dispute of material fact, state each such fact and cite with particularity the evidence that supports the factual assertion from the appropriate party's Appendix of Evidence.

(5) <u>Argument</u>. An explanation for each claim or defense of why, under the applicable legal principles, summary judgment should be denied. Any factual citations must cite to the appropriate party's Appendix of Evidence, rather than either party's factual statements or responses.

(6) <u>Appendix of Evidence</u>. All evidence offered in opposition to the motion must be submitted in an appendix, utilizing the same procedure set out in DUCivR 56-1(b)(5). Counsel must make every effort not to duplicate evidence submitted by the other party. The appendix should be preceded by a cover page index that lists each exhibit by number, includes a description or title and, if the exhibit is a document, identifies the source of the document.

**(d) Reply**. The moving party may file a reply memorandum. In the reply, a moving party may cite only additional evidence not previously cited in the opening memorandum to rebut a claim that a material fact is in dispute. Otherwise, no additional evidence may be cited in the reply memorandum, and if cited, the court will disregard it.

**(e) Citations of Supplemental Authority**. When pertinent and significant authorities come to the attention of a party after the party's memorandum in support of or in opposition to a summary judgment motion has been filed, or after oral argument but before decision, a party may promptly file a notice with the court and serve a copy on all counsel, setting forth the citations. There must be a reference either to the page of the memorandum or to a point argued orally to which the citations pertain, and the notice must state, without argument, the reasons for the supplemental citations. Any response must be filed promptly and be similarly limited.

**(f) Failure to Respond**. Failure to respond timely to a motion for summary judgment may result in the court's granting the motion without further notice, provided the moving party has established that it is entitled to judgment as a matter of law.

**(g) Length of Memoranda and Filing Times**.

(1) A motion for summary judgment and a memorandum in opposition must not exceed 10,000 words, or in the alternative, 40 pages. A reply brief cannot exceed 5,000 words, or in the alternative, 20 pages. If the document exceeds the page limit, then the party must certify compliance with the word-count limit. This limitation includes the following items: 66 introduction, relief sought, background, statement of undisputed material facts, response to statement of undisputed material facts, statement of additional material facts, argument, and conclusion. This limitation excludes the following items: face sheet, table of contents, table of authorities, signature block, certificate of service, and appendix. Motions to file an overlength brief are discouraged and will be granted only upon a showing of good cause and exceptional circumstances, as set forth in DUCivR 7-1(e).

(2) Filing times are governed by DUCivR 7-1.